UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAWNETTA SMALL, | CASE NO.  1:23-CV-572 |
| Plaintiff, | |
| v. | JUDGE BRIDGET MEEHAN BRENNAN |
| RENAULD ALEXANDER, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

*Pro se* Plaintiff Shawnetta Small filed this action against 43 Defendants which include Beachbrook, Peek a Boo, Highlander Inn, Express Inn, the Cleveland Clinic, Grace Hospital, St. Vincent's Charity Hospital, Simple Mobile, Subway, the Alibi Inn, Magic City, University Hospitals, Fairview Hospital, Metro Health Medical Center, the First, Second, Third, Fourth and Fifth District Cleveland Police Stations, the Cuyahoga County Sheriff's Department, the former Cleveland Mayor, Jack Casino, Behavioral Health, Tower City Center, the Cleveland Heights Police Department, Rally's, the Woodland One Stop, Cell Wireless, and 14 individuals.  She lists 24 statutes in the case caption, 22 of which are criminal statutes.  Her statement of claim in its entirety reads, "I was a victim of premeditated attempted murder, felonious assault, sex trafficking, labor trafficking, possible murder of a child.  I was brutalized & have amnesia of the events & want a stay conspiracy to kidnap my daughter." (Doc. No. 1 at PageID #: 16).  She seeks $ 900,000,000,000,000.00 in damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2).  That Motion is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations in certain specified circumstances. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint. It does not contain a

coherent statement of fact concerning any of the Defendants, a decipherable legal claim, or a reasonable and rational request for relief.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 14, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Case: 1:23-cv-00572-BMB Doc #: 5 Filed: 06/14/23 4 of 4. PageID #: 166